Dear Commissioner Boehler:
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Are the offices newly created by 43A O.S. 2-103 (1999) considered "vacant" under Article VI, Section 13 of the Oklahoma Constitution, thereby authorizing the Governor to make interim appointments pursuant to 74 O.S. 2.2 (1991) pending full appointment and legislative confirmation?
¶ 1 As stated in your request, the question arises as a result of the amendment of 43A O.S. 2-103 (1999), which sets forth the composition of the Board of Mental Health and Substance Abuse Services. The amendments, effective November 1, 1999, provide in part for an increase in the number of members from seven to eleven. The amendments further provide that the four new members are to be appointed by the Governor "with the advice and consent of the Senate." Because the bill is effective November 1, 1999 and Senate confirmation cannot occur until the legislature convenes, the issue is whether the four new members appointed by the Governor can perform their official duties on an interim basis prior to confirmation by the Senate.
¶ 2 Several previous Attorney General Opinions have addressed the issue of appointments to public office.[1] None of the previous Opinions, however, discussed the specific issue raised herein: whether an office newly created by statute is considered "vacant" thereby authorizing the Governor to make an interim appointment pursuant to 74 O.S. 2.2 (1991).
 Historical Perspective
¶ 3 Article VI, Section 13 of the Oklahoma Constitution provides:
 When any office shall become vacant, he [the Governor] shall, unless otherwise provided by law, appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed, and qualified according to law.[2]
¶ 4 In 1988, the Legislature enacted the provisions of 74 O.S. 2.2 (1991) in accordance with the authority of Article VI, Section 13 to otherwise provide by law. Section 2.2 authorizes the Governor to make interim appointments pending confirmation by one or both houses of the Legislature. Subsection B of Section 2.2 provides:
 A person whose nomination has been submitted to the Legislature may be appointed to hold such office on an acting or interim basis and may assume the duties of the office and receive any compensation or travel reimbursement allowed by law for the position pending confirmation by one or both houses of the Legislature. No person whose nomination has been withdrawn by the Governor or other appointing authority after the effective date of this act or rejected by one or both houses of the Legislature after the effective date of this act shall be eligible to hold such office on an acting or interim basis. Provided, such person shall be eligible for acting or interim appointment if requested by the appropriate house or houses of the Legislature.
¶ 5 As stated in A.G. Opin. 98-022:
 By virtue of the [above quoted] statute, when a vacancy in public office exists, and an appointment for a full term in that office would require confirmation by one or both houses of the Legislature, confirmation is now required before the appointee may assume the duties of office unless the Governor exercises his or her discretion by indication that the appointee is to serve on an acting or interim basis. Under the statute interim service is not automatic; the Governor in making an appointment must affirmatively indicate, in the appointment document, that the nominee is being appointed to act on an acting or interim basis. Under the provisions of 74 O.S. 2.2 (1991), such interim appointments are only available when a vacancy occurs during a term of office, and are not available when an appointment is made at the expiration of an incumbent's term. In such instances, the incumbent holds over until the Governor's nominee is confirmed and duly qualified.
(Emphasis in original.)
 Interim Appointment to a Vacant Office
¶ 6 As interim appointments are authorized, the only remaining question is whether a newly created office is considered "vacant." The Oklahoma Supreme Court has held that "[w]hen the office came into being, there was, ipso facto, a vacancy in the office." State v. Breckinridge, 126 P. 806, 810 (Okla. 1912) (citing Knight v. Trigg, 100 P. 1060 (Idaho 1909); and Statev. City of Butte, 109 P. 710 (Mont. 1910)). In Breckinridge,
the county attorney resigned and was appointed by the Governor to the newly created superior court of Tulsa county . After determining that the newly created judicial position was in fact, "vacant," the Court stated:
 There being a vacancy in the office, eo instanti,
upon its coming into being, and it being other than a county office, the power to fill the vacancy was lodged in the Governor by both the Superior Court Act and by the constitutional provision (section 13, art. 6), which provides: "When any office shall become vacant he (Governor) shall, unless otherwise provided by law, appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed, and qualified according to law.
Id. at 810.
¶ 7 Accordingly, a newly created office is considered "vacant" pursuant to 74 O.S. 2.2 (1991) which authorizes the Governor to make an interim appointment, provided the Governor affirmatively indicates in the appointment document that the nominee is being appointed on an interim basis.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The offices newly created by 43A O.S. 2-103 (1999) are considered "vacant" under Article VI, Section 13 of the Oklahoma Constitution, thereby authorizing the Governor to make an interim appointment pursuant to 74 O.S. 2.2 (1991) pending full appointment and legislative confirmation.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL
[1] See A.G. Opin. 76-257, A.G. Opin. 79-243, A.G. Opin. 83-228, A.G. Opin. 87-067, and A.G. Opin. 98-022.
[2] Okla Const. Art. XXIII, Section 10 authorizes an incumbent office holder to hold over and continue to serve until a successor is duly qualified. See Coyle v. Smith, 113 P. 944,947 (1911), and A.G. Opin. 76-257.